UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA JEWELL,

        Plaintiffs,                Case No. 2:20-cv-12442
                                        District Judge Arthur J. Tarnow

v.                                     Magistrate Judge Anthony P. Patti

UTICA COMMUNITY SCHOOLS,
ROBERT MONROE, and
CHERYL WAJEEH,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (ECF No. 10), DEEMING WITHDRAWN PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF No. 15), GRANTING DEFENDANTS' MOTION TO EXTEND THE SCHEDULING ORDER BY 60 DAYS (ECF No. 19) and GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 20)**

**A.**     **Background**

In this lawsuit, Sandra Jewell, who was Utica Community Schools' Early Childhood Coordinator, sues Utica Community Schools ("UCS"), Robert Monroe (Assistant Superintendent for Teaching and Learning at UCS), and Cheryl Wajeeh (Director of Community Education at UCS). (*Id*., PageID.2-3 ¶¶ 2-4, 8-9.) The events underlying Plaintiff's complaint stem from Plaintiff's alleged December 11, 2019 expression of free speech, UCS's alleged retaliation, and the alleged pretext for her January 6, 2020 termination. (*Id*., PageID.4-10 ¶¶ 19-52.)

Plaintiff's sole cause of action is titled as "Termination in Violation of the First Amendment Right to Free Speech Pursuant to 42 USC §1983[.]" (*Id.*, PageID.11-12 ¶¶ 53-61.)  She seeks both economic and non-economic damages. (*Id.*, PageID.12 ¶ 60(a),(b).)

**B.     Pending Matters**

Currently pending before the Court are:  (1) Defendants' February 23, 2021 motion to compel discovery (ECF No. 10), which concerns multiple HIPAA Authorizations (ECF No. 10-2) and regarding which a response (ECF No. 13), a reply (ECF No. 17), and a statement of resolved and unresolved issues (ECF No. 21) have been filed; (2) Plaintiff's March 12, 2021 motion for protective order (ECF No. 15), which concerns the authorizations <u>and</u> the subpoenas issued March 1, 2021 (ECF No. 15-2) and regarding which Defendants have filed a response (ECF No. 18); (3) Defendants' March 16, 2021 motion to extend the scheduling order by 60 days (ECF No. 19), which will not be opposed, as confirmed by Plaintiff's counsel; and, (4) Plaintiff's March 16, 2021 motion to compel discovery (ECF No. 20).

Judge Tarnow has referred each of these motions to me for hearing and determination.  (ECF Nos. 11, 16, 22.)

**C.     Order**

The Court noticed a video hearing for March 19, 2021 on Defendants' motion to compel (ECF No. 10), which Court conducted and at which Attorneys Elizabeth P. Roberts, Samuel Estenson and Nicholas Roumel appeared. (ECF No. 14.) The Court was able to also discuss and address the other pending matters at that time, which obviates the need for additional hearings. For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Defendants' motion to compel discovery (ECF No. 10), as narrowed by the statement of resolved and unresolved issues (ECF No. 21), is **GRANTED IN PART** and **DENIED IN PART**. In issuing the following rulings, the Court has considered, *inter alia*, Plaintiff's request for economic and non-economic damages (ECF No. 1, PageID.12 ¶¶ 60(a),(b)), her answer to Interrogatory No. 8 (*see* ECF No. 13, PageID.122-123), and the scope of discovery defined in Fed. R. Civ. P. 26(b)(1), as well as various cases, as discussed on the record. Plaintiff shall execute the authorizations for records from:

- <u>ADN Administrators</u>, but limited to coverage information only
- <u>National Vision Administrators</u>, but limited to coverage information only
- <u>BCBS of Michigan</u>, as these may contain discoverable information which could reveal whether Plaintiff had other emotionally-related or stress-induced/related treatment that she has not revealed

- o <u>CIGNA Corporate Headquarters (limited to 2019-present, per Defendants' suggestion)</u>, as these may contain discoverable information which could reveal whether Plaintiff had other emotionally-related or stress-induced/related treatment that she has not revealed

- o <u>Michigan Education Special Services Association (MESSA)</u>, as these may contain discoverable information, which could reveal whether Plaintiff had other emotionally-related or stress-induced/related treatment that she has not revealed

- o <u>Medicare</u>, as these may contain discoverable information, which could reveal whether Plaintiff had other emotionally-related or stress-induced/related treatment that she has not revealed

- o <u>Dr. Kelly Machesky and Cornerstone Schoenherr Family Practice</u>, as Dr. Machesky is identified as a trial witness and prescribed medication and counseling, allegedly related to Plaintiff's termination from UCS

Defendants' requests for an order requiring Plaintiff to execute authorizations for records from <u>St. Clair Orthopaedics & Sports Medicine & Dr. Matthew Schramski (Macomb)</u> and <u>St. Clair Orthopaedics & Sports Medicine & Dr. Matthew Schramski (St. Clair Shoes)</u> are **DENIED WITHOUT PREJUDICE**. Where Plaintiff is required to execute an authorization, and except as otherwise limited/stated herein, Defendants shall amend the authorizations to reflect the time period of **December 12, 2011 forward**, *i.e.*, from 8 years prior to the date she was placed on administrative leave (December 12, 2019) to present, which the Court finds to be a reasonable period under the Fed. R. Civ. P. 26(b)(1) discoverability

factors. Defendants shall provide Plaintiff with amended authorizations by **Monday, March 29, 2021**, and Plaintiff shall return executed authorizations to Defendant within 10 calendar days of receipt. To the extent Defendants request an order "[a]warding the costs incurred in preparing and filing this motion to Defendants[,]" (*id*.), the request is **DENIED**, as neither party fully prevailed.

Plaintiff's motion for protective order (ECF No. 15) is **DEEMED WITHDRAWN**, based on the parties' stipulation placed on the record.

Defendants' motion to extend the scheduling order (ECF No. 19) is **GRANTED**. Accordingly, the dates set forth in the Court's December 10, 2020 scheduling order (ECF No. 8) are hereby extended by 60 days (i.e., discovery must now be completed by **Wednesday, June 16, 2021** and all dispositive motions must be filed by **Monday, July 19, 2021**), although the parties should confirm the adjusted "Final Pretrial/Settlement Conference" and "Final Pretrial Order" deadline with Judge Tarnow's Chambers.

Finally, Plaintiff's motion to compel discovery (ECF No. 20) is **GRANTED** pursuant to the stipulation placed on the record, namely that the requested discovery will be provided by **April 6, 2021**. Plaintiff did not seek costs or expenses and waived any rule-based claim to them on the record.

**IT IS SO ORDERED.**[1]

Dated: March 20, 2021

*/s/ Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).